Gerald S. Levine, Esq.
45 S. Park Pl. #237
Morristown, New Jersey 07960
973-810-0213

*Attorneys for Plaintiff GoFit LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOFIT LLC,<br><br>                    Plaintiff,<br>v.<br><br>GOFIT, LLC<br><br>                    Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, GoFit LLC ("GoFit"), by its attorney, Gerald S. Levine, for its complaint against GOFIT LLC ("GLLC"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

**Parties**

1. Plaintiff is a limited liability company organized under the laws of the State of Delaware. Plaintiff is not currently operating or conducting business in any form in any state.

2. Defendant is a foreign limited liability company, headquartered in Oklahoma. Defendant sells exercise equipment which is available for purchase in retail stores located in the District of New Jersey. It engages in substantial business in this judicial district and maintains substantial contacts with this judicial district.

**Jurisdiction and Venue**

3. Plaintiffs bring this action seeking a declaration of rights with respect to federal trademark laws. The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 (federal

question), and 15 U.S.C. § 1121(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.  Defendant has sufficient contacts with this district generally and, in particular, with the events alleged in this complaint, so that defendant is subject to this court's exercise of personal jurisdiction over them.

5.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (d).

**<u>Nature of the Case</u>**

6.  This is a civil action in which the Plaintiffs seek a declaratory judgment from this court that their conduct, as set forth below, does not infringe the trademarks of the defendants.

7.  A dispute currently exists between the parties because:

   a.  Purported counsel for defendants has indicated a willingness to pursue Plaintiff GoFit, its members, and its managers.

   b.  Defendant has previously attempted to bring suit against Plaintiff GoFit and its member, Lupine Dreams LLC, in the Northern District of Oklahoma, Docket No. 12-CV-622-JED-FHM; a copy of the Order/Opinion dismissing the case for a lack of jurisdiction is attached hereto as **Exhibit A**.

   c.  The dispute is ripe for adjudication because Defendant has previously instigated legal proceedings and has coordinated a campaign of bad faith negotiation along with actual and threatened litigation against Plaintiff.

   d.  Plaintiff entitled to a declaration from this court because, in light of established principles of U.S. trademark law, Plaintiff's use of the word GoFit is entirely lawful and non-infringing.

8. Plaintiff seeks a declaration that the use of "GoFit" by Plaintiff GoFit LLC and its members and managers, including using it in Plaintiff's domain name, marketing materials, advertising, and other usage, is entirely lawful and does not infringe any of defendants' trademark rights.

### Specific Factual Allegations Related to Dispute

9. Plaintiff GoFit LLC is an independent fitness membership company that sought to advertise, sell, and produce a multi-facility membership product called the "GoFitPass."

10. Plaintiff has never actually conducted business, initiated sales, or participated in any other business activities other than creating a website and setting up social media websites.

11. On or about January 25, 2012, Plaintiff independently came up with the term "GoFit" without any knowledge of Defendant. Plaintiff's initial determination was to create a product by which people could "GoFit Themselves."

12. Plaintiff began planning and developing the product, websites, and technology from that date until, on or about October 24, 2012, when Plaintiff learned that its Facebook page had been disabled at the request of Defendant.

13. Plaintiff contacted Defendant's counsel, who indicated that a cease and desist letter had been sent to Plaintiff on or about October 16, 2012. This cease and desist letter had not, in fact, been sent to Plaintiff but had been sent to an unknown third party unaffiliated in any way with Plaintiff. A copy of this letter is attached hereto as **Exhibit B**.

14. Plaintiff attempted to conduct good faith negotiations with Defendant, including offering to change Plaintiff's name, rebrand Plaintiff's product, and similar actions, as Plaintiff is a startup company and could not afford to engage in litigation.

15. Defendant's stance was that no action short of paying Defendant money far in excess of Plaintiff's value or assets was acceptable.

16. On or about October 24, 2012, Plaintiff filed for a trademark on the term "GoFit", with a description of "IC 035. US 100 101 102. G & S: Administration of a discount program for enabling participants to obtain discounts on the cost of services or receive improved services through use of a membership card; Administration of employee benefit plans concerning fitness club memberships; Conducting and administering a program for participating health and fitness clubs featuring discounts on club membership for access to the clubs to program members."

17. Plaintiff accidentally filed this as a 1(a) "Use in Commerce" application and changed said application status to 1(b) "Intent to Use" once notified of the error.

18. Plaintiff's search for similar marks did indicate Defendant's mark, which was limited to "IC 028. US 022 023 038 050. G & S: Manually-operated exercise equipment." Identical marks exist for the word "GoFit" in Serial Number 85282905 ("Veggie burger patties, vegetable-based meat substitutes") and 85560421 ("Computer software and hardware used to evaluate an individual's hearing in order to select the appropriate hearing aid for the individual." There are numerous other marks that are substantially similar as well.

19. In March 2013, Plaintiff was notified by the USPTO that Plaintiff's application had been examined and that Plaintiff's application was found to be entitled to registration.

20. The application was published for opposition on April 2, 2013; to date, no opposition has been reported by the USPTO.

21. On or about November 26, 2012, Plaintiff and one of its members, Lupine Dreams LLC, were served with process by Defendants for the aforementioned case in the Northern

District of Oklahoma, 12-CV-622-JED-FHM. Said case has now been dismissed for lack of jurisdiction.

22. Plaintiff has been forced to spend significant funds defeating jurisdiction because of Defendant's frivolous claims in the Oklahoma case, which included federal trademark infringement, false designation of origin in violation of 15 U.S.C. § 1125(a), common law unfair competition and trademark infringement, violation of the Oklahoma Unfair Trade Practices Act (78 Okla. Stat. § 51 et seq.), infringement to "enhance the commercial value of defendants' products," contributory trademark infringement, vicarious trademark infringement, and violation of the Federal Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

## Declaratory Relief is Warranted

23. Based on the preceding allegations and the now dismissed Oklahoma action, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

24. Plaintiff has been unable to operate in any way since October 24, 2012, and has gone virtually dormant as a result of Defendant's threatened and actual litigation.

25. The court should exercise its discretion, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, to issue a declaratory judgment in this action because Plaintiff has been informed and believed, and based on such information and belief allege, that Defendant's motivation in pursuing Plaintiff is intended to stifle innovation, create "famousness" of their trademark by eradicating other usage no matter how distinct from their own, and, based upon information and belief, cause personal and financial harm to Plaintiff's members and managers.

26. The requested relief is that this court render a declaratory judgment that:

    a. Use of the term GoFit in connection with Plaintiff GoFit LLC, the GoFitPass product, Plaintiff's website and domain name, and in any other form by Plaintiff and its members, managers and other affiliated parties does not infringe any trademark rights of defendants.

    b. The requested relief will resolve all of the disputes between the parties, save all parties numerous, time-consuming, expensive, and unnecessary proceedings.

## **Request for Relief**

27. Plaintiff GoFit LLC seeks a declaratory judgment from this Court that the marketing and sale of its GoFitPass products and the provision of its services under the "GoFit" mark does not constitute infringement of Defendant's "GoFit" trademark or service mark, or of any other "GoFit'-related marks in which Defendant claims rights, and otherwise does not violate any of Defendant's trademark or service mark rights, under federal, state or common law, including but not limited to under the Lanham Act, 15 U.S.C. § 1125(a).

WHEREFORE, by its undersigned counsel, Plaintiff GoFit LLC requests relief as follows:

    A. Declare that Plaintiff GoFit has the right to manufacture, distribute, market and sell in the United States and throughout the known world a wide array of products and services under the trademark and service mark of "GoFit," and to offer those products through retail, internet and mail order services.

    B. Declare that Plaintiff GoFit's "GoFit" mark does not infringe or otherwise impair or violate under any federal, state or common law rights GLLC may have in the

trademark GoFit and any other trademarks or service marks of GLLC containing the word "GoFit."

C.   Declare that Plaintiff's members, managers and other affiliated parties are non-infringing  or otherwise impairing or violating any federal, state or common law rights GLLC may have in the trademark GoFit and and any other trademarks or service marks of GLLC containing the word "GoFit."

D.   Enjoin GLLC and all those acting in concert and participation with it from demanding the takedown or termination of GoFit's social media pages and websites, and further allowing all previously removed social media pages and websites to be restored.

E.   An award to Plaintiff of its reasonable attorney's fees in the instant action and the previous, jurisdictionally improper, Oklahoma action.

F.   An award to Plaintiff of its reasonable costs and disbursements in the instant action and the previous, jurisdictionally improper, Oklahoma action.

G.   Awarding such other and further relief as the court deems just and proper.

Dated: Morristown, New Jersey

April 15, 2013

Respectfully submitted,

_____*/s/ Gerald S. Levine*_____

Gerald S. Levine, Esq.
(jlevine@levinegerba.com)
45 S. Park Pl. #237
Morristown, New Jersey 07960
973-810-0213

*Attorneys for Plaintiff GoFit LLC*



UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GOFIT LLC, an Oklahoma Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-CV-622-JED-FHM |
| GOFIT LLC, a Delaware Limited Liability Company, and LUPINE DREAMS LLC | ) ) ) ) | |
| Defendants. | ) ) | |

OPINION AND ORDER

The Court has for its consideration the "Motion to Dismiss and Brief in Support of Defendants GoFit, LLC and Lupine Dreams, LLC" (Doc. 12) (the "Motion"). Defendants argue that this case should be dismissed because the Court lacks personal jurisdiction over them.

I.  Background

Plaintiff, GOFIT LLC, is an Oklahoma limited liability company doing business in Tulsa, Oklahoma. Plaintiff is a nationwide seller of fitness-related equipment. Defendants, GoFit LLC and Lupine Dreams LLC (collectively, "defendants"), are both Delaware limited liability companies.[1] Plaintiff's claims in this case are based upon use of the name GoFit – the designation under which defendants are offering their services, which consist of gym passes that can be used on a nationwide basis. Plaintiff asserts that use of the GoFit mark and corresponding

---

[1] Plaintiff appears to plead claims against Lupine Dreams LLC on the basis of alter ego liability only. (*See* Doc. 2, at 1-2). This conclusion is drawn from the assertion that Lupine Dreams LLC is a subsidiary of GoFit LLC (Delaware). Plaintiff bases this allegation on the fact that the same address is listed for both companies in their incorporation materials. (*See id.*). Defendants dispute that the entities should be treated as one. (Doc. 24, at 4). For purposes of this jurisdictional analysis only, the Court will evaluate all evidence as though it relates to both companies equally.

design elements on defendants' website, www.gofitpass.com, constitutes a violation of plaintiff's trademark rights.  Plaintiff has thus asserted claims against defendants for federal trademark infringement, false designation of origin in violation of 15 U.S.C. § 1125(a), common law unfair competition and trademark infringement, violation of the Oklahoma Unfair Trade Practices Act (78 *Okla. Stat*. § 51 *et seq*.), infringement to "enhance the commercial value of defendants' products," contributory trademark infringement, vicarious trademark infringement, and violation of the Federal Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)).

Defendants' Motion challenges this Court's jurisdiction, arguing that defendants' have no contacts with Oklahoma sufficient to subject them to personal jurisdiction in this forum.  To that end, defendants have submitted the declaration of Gerald Levine (Doc. 12-1) which states, among other things, that defendants have no members or manager in Oklahoma, no contracts with any person or company doing business in Oklahoma, and have not done business with anyone in the state.  Mr. Levine further attests that defendants have no "offices, mailing addresses, bank accounts, telephone listings, agents, employees, or personnel within the State of Oklahoma." (*Id*.).  Finally, Mr. Levine swears that no sales or commercial transactions have been conducted in relation to the GoFit mark, let alone in Oklahoma.  (*Id*.).  The sole contact with Oklahoma which plaintiff argues provides the Court with jurisdiction is defendants' website.  Accordingly, the Court's analysis of whether it has jurisdiction involves defendants' website and whether it is a sufficient contact with Oklahoma for purposes of establishing personal jurisdiction.

## II.    <u>Standards</u>

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendants.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.

1998).  "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, ... the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id*.  (citations omitted).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id*. at 1091.  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*.  (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  The allegations of the complaint must be accepted as true to the extent they are uncontroverted by a defendant's affidavit.  *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990).  If the parties provide conflicting affidavits, all factual disputes must be resolved in plaintiff's favor and a prima facie showing of personal jurisdiction is sufficient to overcome defendant's objection.  *Id*.

For a court to exercise personal jurisdiction over a nonresident defendant, the plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution.  *See* 12 *Okla. Stat*. § 2004(F).  "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc*., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing *Rambo v. Am. S. Ins. Co*., 839 F.2d 1415, 1416 (10th Cir. 1988)); *see also Hough v. Leonard*, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state."  *Conoco, Inc. v. Agrico Chem. Co*., 115 P.3d 829, 835 (Okla. 2004) (citing *World–*

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'"  *Intercon*, 205 F.3d at 1247 (quoting *World–Wide Volkswagen*, 444 U.S. at 291).  A court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'"  *Id*. at 1247 (quoting *Burger King*, 471 U.S. at 472 (1985)).  "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." *Id*. at 1247 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 & n.9 (1984)).

### III.    Analysis

As noted, plaintiff argues that defendants' website, www.gofitpass.com, constitutes purposefully directed commercial activity directed towards Oklahoma as a result of its alleged level of interactivity.  In support of this proposition, plaintiff principally relies upon *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Penn. 1997) and its progeny.[2]

In *Zippo*, the court discussed the various levels of interactivity available among websites and utilized a website's interactivity as a sliding scale for whether it constitutes a "contact" with the forum state significant enough to create personal jurisdiction:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign

---

[2]   *Zippo* is considered to be a seminal case in the area of evaluating whether a website can be sufficient to establish personal jurisdiction.  *See, e.g., Outdoor Channel, Inc. v. Performance One Media, LLC*, 826 F. Supp. 2d 1271, 1284 (N.D. Okla. 2011) (discussing *Zippo* at length).

jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal [sic] jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

952 F. Supp. at 1124. The Tenth Circuit has not expressly adopted the *Zippo* sliding-scale test for internet jurisdictional analysis. *See Shrader v. Biddinger*, 633 F.3d 1235, 1242 n.5 (10th Cir. 2011). In *Shrader*, the court noted that the personal jurisdiction analysis in internet contexts must be adapted "by placing an emphasis on the internet user or site *intentionally directing* his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there." *Id.* at 1241 (emphasis original). The *Shrader* court utilized the following test for specific jurisdiction in an internet context:

[A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) *directs electronic activity into the State,* (2) *with the manifested intent of engaging in business or other interactions within the State,* and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.

*Id.* at 1240-41 (emphasis original). In short, simply having a website viewable over the internet, without more, does not support personal jurisdiction in any state where the website may be viewable. The court also noted that "it bears emphasizing that general jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence

within the state." *Id*. at 1246.  The *Shrader* court offered further direction with respect to what "more" could suffice for jurisdiction where the plaintiff's claims are related to a website.  Using an amalgam of internet-related case law and the "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984)[3], the *Shrader* court directs us to "look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state."  *Shrader*, 633 F.3d at 1241.

**General Jurisdiction**

Defendants' sole contact with Oklahoma – a website viewable within the state – is clearly insufficient to establish general jurisdiction.  It is undisputed that defendants have not sold a single product to an Oklahoma resident or otherwise had any contact with the State beyond the fact that their website is visible here.  The Court need not go beyond that statement in finding a lack of systematic and continuous contacts necessary to support general jurisdiction over defendants.  *See Shrader*, 633 F.3d at 1246.

**Specific Jurisdiction**

Plaintiff alleges that defendants' website is rife with trademark infringing images, which go directly to the heart of plaintiff's trademark infringement claims.[4]  Consequently, plaintiff

---

[3]  Under the *Calder* "effects test," "purposeful direction is established if three showings are made: the defendant (a) commits 'an intentional action'; (b) that is 'expressly aimed at the forum state'; (c) with 'knowledge that the brunt of the injury would be felt in the forum state.'" *Grynberg v. Ivanhoe Energy, Inc*., 490 F. App'x 86, 96 (10th Cir. 2012) *cert. denied*, 133 S. Ct. 941, 184 L. Ed. 2d 726 (U.S. 2013) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)).  Plaintiff urges that this test should be applied in addition to the *Zippo* test (*see* Doc. 22, at 10-12).  The Court finds that it need not perform a separate analysis under *Calder*, as the "effects test" is sufficiently captured in performing the analysis counseled by *Shrader*.

[4]  The defendants state that the website has been taken down during the pendency of this litigation.  (Doc. 24, at 2-3).

argues that defendants are using plaintiff's trademarks to generate traffic to their website and therefore are directing activity into Oklahoma which causes harm to an Oklahoma resident. (Doc. 22, at 12-13). Defendants counter that, whether applying *Zippo* or *Shrader*, their website does not constitute commercial activity directed at Oklahoma sufficient to support personal jurisdiction.

According to defendants, the actual website at issue was, at the time this litigation was filed, significantly different from the website described by plaintiff. Defendants point out that the webpages described by plaintiff were merely exhibits submitted to the United States Patent and Trademark Office ("USPTO") in connection with defendants' trademark application and were "not actual webpages from a usable form of the website." (Doc. 24, at 3). Plaintiff has not submitted any evidence demonstrating that the webpages depicted in its response brief were ever functional, and plaintiff acknowledges that those exhibits were sourced from defendants' trademark application submitted to the USPTO.[5] (Doc. 22, at 6). In contrast, the declarations of Mr. Levine (Docs. 12-1 and 24-1) on behalf of the defendants attest that the actual website at issue was not interactive and did not allow commercial transactions to take place. According to defendants, the website did allow those who visited it to request more information. (Doc. 24, at 3-4). Thus, on the *Zippo* spectrum, defendants' website is certainly closer to the passive end of the scale, as it was only minimally interactive. *See Zippo,* 952 F. Supp. at 1124. There is no evidence that any Oklahoma resident ever requested information through the website.

---

[5] Defendants state that the initial trademark application submitted in connection with the GoFit mark contained a "scrivener's error," which stated that the mark had already been used in commerce. (Doc. 24, at 3; *see also* Doc. 24-1). On November 27, 2012, the USPTO filing was updated to reflect that the mark was filed on an "Intent to Use" basis and to reflect that the website was "a non-interactive website where no sales could occur." (Doc. 24, at 3). The Court finds this "error" to be largely inconsequential with respect to this analysis, as evidence submitted by defendants demonstrated that they have not sold any products or services through the website or otherwise in relation to the GoFit mark. (Doc. 12-1).

Applying *Shrader* to the facts at hand, it is apparent that defendants' website is an insufficient contact for the purpose of subjecting the defendants to the jurisdiction of an Oklahoma court.   Under the first prong, which looks at whether the defendant "directed electronic activity" into Oklahoma, the evidence establishes that there has been no commercial activity with any Oklahoma resident through the website.   *See Shrader*, 633 F.3d at 1240-41. Even assuming the mere visibility of the website in Oklahoma were sufficient to this first prong, the website would fail the second prong of *Shrader*.   The second prong examines whether the electronic activity directed at Oklahoma was done "with the manifested intent of engaging in business or other interactions within the State."   *Id*.   The website itself does not demonstrate an intent to engage in business or other interactions within Oklahoma because it did not – in its actual form – permit Oklahoma residents to enter into a contract with defendants or otherwise purchase goods or services.   Given the absence of any commercial activity taking place through the website, the Court finds that the website fails the second prong of *Shrader*.   Merely placing information on a website does not manifest an intent to direct commercial activity into Oklahoma.   *See id*. at 1241; *see also Outdoor Channel, Inc.*, 826 F. Supp. 2d at 1286-87 (holding website which merely allowed visitors to request information was insufficient under *Shrader* to establish personal jurisdiction).[6]

The Court therefore finds that it cannot exercise personal jurisdiction over defendants, as plaintiff has not made a prima facie showing that defendants have sufficient minimum contacts with the State of Oklahoma such that defendants' due process rights would not be violated were the Court to assume jurisdiction.

---

[6]   Having found that defendants have no contacts with Oklahoma for the purposes of exercising personal jurisdiction, the assumption of jurisdiction under such circumstances would clearly offend "traditional notions of fair play and substantial justice," and further analysis is not required.   *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945).

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss for lack of jurisdiction (Doc. 12) is **granted**.   Plaintiff's motion to reset the scheduling order upon adjudication of defendants' motion to dismiss (Doc. 34) is **moot**.

This case is hereby terminated.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE





**PLAGERSCHACK LLP**

16152 Beach Boulevard, Suite 207
Huntington Beach, California 92647
Telephone:     714-698-0601
Facsimile:     714-698-0608
www.PlagerSchack.com

October 16, 2012

**Via Email and Federal Express**
traindrivenperformance@gmail.com
jason@crossfitdelrio.com

Mr. Jason Lonsberry
CrossFit Del Rio
604 South Main
Del Rio, Texas 78840

Re:     **Trademark Infringement**
        Mark:  GoFit®

Dear Mr. Lonsberry:

GoFit LLC ("GFL") is the owner of two federal trademark registrations for the mark GoFit, Registration Nos. 3,813,677 and 2,402,055. Copies of GoFit's U.S. trademark registrations are enclosed as Exhibit 1. In addition, GFL is the owner of trademark registrations in Canada (No. 805,224) and South Korea (WIPO No. 1124599), and a pending application in Mexico (Serial No. 1311910).

GFL recently became aware of your GOFIT pass product. Although GFL applauds your efforts to promote health and wellness through physical fitness activities, it does not appreciate your use of its trademark without its consent. GFL has been in the physical fitness industry, both in the United States and abroad, since 1999. Currently, GFL is partnering with fitness industry expert and television personality Robert Harper. In short, GOFIT is a well known and respected name in the physical fitness industry which GFL vigorously protects and monitors against unauthorized usages.

In view that you are using the GOFIT mark in association with physical fitness activities and promotions there exists a strong likelihood that consumers will believe your services and promotions are endorsed, sponsored, or operated by GoFit LLC. This potential confusion is a violation of section 43(a) of the Lanham Act. (15 U.S.C. §1125(a)). Accordingly, GFL demands that you either immediately cease using the GoFit mark in conjunction with your service. In accordance with this demand you must immediately:

- cease all advertising, promotion, offering for sale and operation of your services labeled with the GoFit trademark;
- cease all use of the designation "GoFit," and all variants thereof, in



Mr. Jason Lonsberry
CrossFit Del Rio
October 16, 2012
Page 2

connection with the distribution, promotion, advertising, offering for sale, sale, and operation of your services;
● delete all uses of the designation "GoFit" and all variations thereof on the World Wide Web; and
● sign the enclosed Certification of Compliance and return it to us by **October 21, 2012.**

A response to this demand is expected no later than **October 21, 2012.** We are hopeful that we can resolve this dispute amicably. If you do not comply with our demands, we will be compelled to file a lawsuit against you and all parties and individuals who have been actively involved in these unlawful activities. As a member of the physical fitness industry, you are, without doubt, well aware of GFL's products which bear the GOFIT trademark and line the shelves numerous retail stores such as Target®, Dick's Sporting Goods®, and Sports Chalet®. This notoriety along with GFL's trademark registrations entitle GFL to punitive damages and attorneys fees in the event litigation becomes necessary.

Very truly yours,
**Plager Schack LLP**

Mark H. Plager, Esq.
For the Firm

MHP/eg
Enclosure

cc:     GoFit LLC w/ Encl.



**CERTIFICATION OF COMPLIANCE**
(MUST BE RETURNED BY October 21, 2012)

I, Jason Lonsberry, being duly sworn, hereby attest, individually and on behalf of Driven Performance and CrossFit Del Rio, that:

As of October 21, 2012, I, Driven Performance and CrossFit Del Rio and all parties acting in concert with them:

1. Have permanently ceased, both directly and indirectly, the distribution, promotion, advertising, offering for sale, sale and operation of services, products, packaging and all other materials labeled with "GOFIT";

2. Have permanently ceased all use of the designation "GOFIT" and all variants thereof, in connection with the importation, distribution, promotion, advertising, offering for sale, sale and shipment of products and services;

3. Have permanently removed all references to GOFIT any variants thereof from all web sites owned, operated or controlled on the world wide web; and

4. Have notified all persons and parties acting in concert with them, that Products and Services designated as "GOFIT" and any variants thereof cannot be shipped or sold.

_____
(Print name)

Sworn to before me this ____ day of October, 2012

Notary Public

EXHIBIT 1

Int. Cl.: **28**

Prior U.S. Cls.: **22, 23, 38 and 50**

Reg. No. 2,402,055

## United States Patent and Trademark Office

Registered Nov. 7, 2000

### TRADEMARK
**PRINCIPAL REGISTER**



GOFIT L.L.C. (OKLAHOMA LIMITED LIABILITY COMPANY)
20 EAST 5TH STREET, STE 1003
TULSA, OK 74103

FOR: EXERCISE EQUIPMENT, NAMELY, MANUALLY OPERATED EXERCISE EQUIPMENT, WEIGHT LIFTING BENCHES, STATIONERY EXERCISE BICYCLES; AND EXERCISE ACCESSORIES, NAMELY, EXERCISE WEIGHTS, ANKLE WEIGHTS, JUMP ROPES, KNEE WRAPS AND OTHER JOINT WRAPS FOR RESISTANCE, PADS FOR USE ON ANY BODY JOINT FOR WEIGHT LIFTING, AND EXERCISE WHEELS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 11–17–1999; IN COMMERCE 11–17–1999.

SER. NO. 75–858,484, FILED 11–26–1999.

SOPHIA S. KIM, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# GoFit

**Reg. No. 3,813,677**

**Registered July 6, 2010**

**Int. Cl.: 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

GOFIT LLC (OKLAHOMA LIMITED LIABILITY COMPANY)
12929 E. APACHE ST.
TULSA, OK 74116

FOR: MANUALLY-OPERATED EXERCISE EQUIPMENT, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 11-17-1999; IN COMMERCE 11-17-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,402,055.

SER. NO. 77-866,849, FILED 11-6-2009.

ESTHER A. BORSUK, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*